**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| Lyon Financial Services, Inc. d/b/a USBancorp Manifest Funding Services, | Case File No: 08-04735 (RHK/JSM) |
| Plaintiff, | |
| v. | |
| Rinku M. Dutt, individually and d/b/a Rinku M. Dutt, M.D., Luna Eye Centers of Greensburg, PC, Mazin Yaldo, | |
| Defendants. | |
| And | |
| Rinku M. Dutt, individually and d/b/a Rinku M. Dutt, M.D., | |
| Cross-Claim Plaintiff, | |
| v. | **BANNER'S MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS OR TRANSFER VENUE** |
| Mazin Yaldo, | |
| Cross-Claim Defendant. | |
| And | |
| Rinku M. Dutt, individually and d/b/a Rinku M. Dutt, M.D., | |
| Third Party Plaintiff, | |
| v. | |
| Banner Physicians Capital and Alex Punjari, | |
| Third Party Defendants. | |

## INTRODUCTION

Third-party defendant Banner Physicians Capital, Inc. ("Banner"), submits this memorandum of law in support of its motion to dismiss or transfer venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure and 28 U.S.C. §§ 1404(a) and 1406(a). Banner requests that the Court issue an order dismissing the Amended Cross Claim and Third Party Complaint of Defendant Rinku M. Dutt, M.D. ("Dutt") for improper venue or transferring this case to the Western District of Pennsylvania.

Banner is entitled to this transfer because Dutt's claims arise out of events that occurred in Pennsylvania between residents of states other than Minnesota. Because the convenience of the parties and witnesses and the interest of justice strongly favor Pennsylvania as the proper venue, Banner requests that the Court transfer this action to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division.

## INTRODUCTION

Plaintiff Lyon Financial Services, Inc. ("Lyon") brought a Minnesota state court action in Lyon County against Defendants Dutt, Dutt's business (a Pennsylvania corporation), and Mazin Yaldo ("Yaldo"). (Docket No. 1, Ex, A.) Dutt and Dutt's business are residents of Pennsylvania while Yaldo is a resident of Michigan. (Id. ¶¶ 2-4). Lyon alleges that the defendants are in default of an equipment finance agreement ("Agreement") between them and Lyon. (Id. ¶¶ 5-8.) The Agreement was initially between Dutt and Banner but was assigned to Lyon on July 13, 2007. (Id. ¶ 5.) In the Agreement, Dutt consented to jurisdiction and venue in Minnesota. (Id. ¶ 12.) The

2

Agreement however, does not *require* that litigation concerning the Agreement be conducted in Minnesota. (Id. p. 9 ¶ 14.) Lyon seeks to recover the remaining payments owed under the agreement as well as interest, costs and disbursements, and attorney's fees. (Id. pp. 3-5.) Banner is not named in Lyon's complaint. (Id.)

After removing Lyon's complaint to federal court, Dutt and Dutt's company filed an answer and cross-claim against Yaldo on July 18, 2008. (Docket No. 8.) In it they denied that they were liable to Lyon and further alleged that Yaldo had fraudulently misrepresented to Dutt that Yaldo would make the payments contemplated by the Agreement, refused to do, and therefore had made fraudulent misrepresentations to Dutt, breached a contract with Dutt, and had been unjustly enriched. (Id.) Yaldo has not been served with the complaint or the cross-claims. (Docket No. 12, p. 3.)

On August 1, 2008, Dutt amended her cross-claims. (Docket No. 9.) In her amended cross claims, Dutt made additional claims against Yaldo but also alleged that Yaldo's previous actions were made on behalf of Banner and that therefore Banner had made fraudulent misrepresentations to Dutt, breached a contract with Dutt, and had been unjustly enriched. (Id.) Dutt further alleged that a resident of Kentucky, Alex Pujari ("Pujari") was also liable under the same theories. (Id.) Dutt alleges that Pujari requested that Dutt sign the Agreement. (Id. ¶ 18.) According to Dutt, these actions took place in Hawaii and in her office in Pennsylvania. (Id. ¶¶ 8, 11.) Thus, Dutt, a resident of Pennsylvania, has brought claims in Minnesota against residents of Michigan, Kentucky, and New York concerning actions that did not take place in Minnesota. Importantly for the purposes of this motion, Dutt does not allege, and cannot allege, that

her agreement with Banner provided that Banner consented to venue in Minnesota as to her claims. Nor can Dutt allege that she is required to litigate her claims against Banner, Yaldo, and Pujari in Minnesota. In fact, Dutt is not even required to litigate Lyon's claims in Minnesota. Instead, the Agreement merely bans her from objecting to litigating in Minnesota.

## ARGUMENT

Banner requests that the Court dismiss the case for improper venue or, in the alternative, transfer venue to Pennsylvania. Although Dutt agreed to jurisdiction and venue in Minnesota, the Agreement does not require Dutt to litigate her claims against Banner, Pujari, and Yaldo in Minnesota. Indeed, Dutt is not even required to litigate Lyon's claims against her in Minnesota. None of the parties and witnesses involved in Dutt's cross claim reside in Minnesota. Similarly, none of the actions that Dutt alleges form the factual basis for her claims took place in Minnesota. Accordingly, in the interest of justice and for the convenience of the witnesses and parties, Dutt's cross-claims should be dismissed or venued in Pennsylvania.

### I.    STANDARD OF REVIEW

A party may move to dismiss an action for improper venue. Fed. R. Civ. P. 12(b)(3). When evaluating the merits of a motion to dismiss for improper venue, the court must assume all facts in the complaint to be true and must construe all reasonable inferences from those facts in the light most favorable to the complainant. Transocean Group Holdings Pty Ltd. v. S.D. Soybean Processors, LLC, 505 F.Supp.2d 573, 575 (D.Minn. 2007). In doing so, however, a court need not accept as true wholly conclusory

allegations, Hanten v. School District of Riverview Gardens, 183 F.3d 799, 805 (8th Cir.1999), or legal conclusions drawn by the pleader from the facts alleged. Westcott v. City of Omaha, 901 F.2d 1486, 1488 (8th Cir.1990).

Banner seeks dismissal or transfer of Dutt's cause of action pursuant to 28 U.S.C. § 1406. 28 U.S.C. § 1406 provides:

> (a) The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.

In a diversity case, venue is proper when the case is brought in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought. 28 U.S.C. § 1391(a). Statutory venue requirements are meant to protect defendants, insuring that "a defendant is not 'haled into a remote district, having no real relationship to the dispute.'" Woodke v. Dahm, 70 F.3d 983, 985 (8th Cir. 1995) (quoting Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3rd Cir. 1994)). Minnesota has no real relationship to Dutt's dispute with Banner, Pujari, and Yaldo.

Dutt's cause of action arises out of events that occurred in Hawaii and Pennsylvania. However, Dutt chose to commence suit against Banner and Pujari in Minnesota. As a result, two parties, neither of whom resides in Minnesota or maintains

their principal place of business in Minnesota, have been haled into United States District Court in the State of Minnesota. Outside of the residence of the plaintiff, the State of Minnesota has no relationship to Dutt's claims and venue in the District of Minnesota is improper.

## II.     THE COURT SHOULD TRANSFER THIS CASE TO PENNSYLVANIA.

Transfer of this case to Pennsylvania is proper "[f]or the convenience of parties and witnesses, in the interest of justice" so long as the case "might have been brought" in Pennsylvania. See 28 U.S.C. § 1404(a). Courts have consistently viewed the language of 28 U.S.C. § 1404(a) as creating a balancing test of three factors: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interest of justice. See e.g., Nelson v. Master Lease Corp., 759 F.Supp. 1397, 1401 (D.Minn. 1991). For section 1404(a) purposes, a suit "might have been brought" in the alternative forum if "it is a district in which the plaintiff had a right to bring and maintain the action against the defendant without regard to the defendant's wishes or consent." McAdoo v. Union Nat'l Bank of Little Rock, Arkansas, 558 F.2d 1313, 1316 (8th Cir. 1977).

### A.     Both Dutt's Cross-Claims and Plaintiff's Claims Case Might Have Been Brought in Pennsylvania.

Although there is a forum selection clause that allows, but does not require, Lyon's suit against Dutt to be heard in Minnesota, the presence of a forum selection clause is not dispositive. See Lyon Fin. Servs., Inc. v. PowerNet, Inc., 2001 WL

1640099, at *3-4 (D. Minn. Nov. 19, 2001) (citing Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1988))[1].

Federal law also permits this matter to be venued in Pennsylvania as there is complete diversity between plaintiff and defendants and the amount in dispute in this action exceeds the sum of $75,000.  Therefore, federal diversity jurisdiction exists pursuant to 28 U.S.C. § 1332(a)(1).  Moreover, venue lies in the Pennsylvania pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to the claims occurred in the State of Pennsylvania.  Dutt signed the Agreement in Pennsylvania on July 7, 2007.  (Docket No. 1, Ex. A. p. 12.) Pennsylvania is also where some of the purportedly fraudulent inducements were made to Dutt by Pujari.  (Docket No. 9, ¶¶ 18-21.)

      **B.**    **The Balance of Section 1404(a) Factors Favors Venue in the District of Pennsylvania.**

In evaluating whether to transfer venue under section 1404(a), a district court has discretion to adjudicate motions "according to an individualized, case-by-case consideration of convenience and fairness." Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1988).  The final analysis depends on the competing interests and facts of each individual case. Steward v. Up North Plastics, Inc., 177 F.Supp.2d 953, 960 (D. Minn. 2001).

In this matter, PowerNet is particularly persuasive. In PowerNet, as here, a company had assigned to Lyon its rights under a similar agreement and guaranty. See

---

[1] A copy of PowerNet is attached to the Affidavit of Adam A. Gillette as Ex. 1.

2001 WL 1640099. As in this case, Lyon was assigned a contract and Lyon brought suit alleging breach of the contract in Lyon County, Minnesota, PowerNet removed and then moved to dismiss or transfer venue to its home state. Id. at *1. Also similar to this case was the contractual language that gave Minnesota jurisdiction and venue. The PowerNet agreement stated:

> CONSENT TO LAW, JURISDICTION, AND VENUE: This Agreement shall be deemed fully executed and performed in the state of Owner [Minnesota] or holder of Owner's interest principal place of business [Minnesota] and shall be governed by and construed in accordance with its laws. If the Owner or holder of Owner's interest shall bring any judicial proceeding in relation to any matter arising under the Agreement, the Customer irrevocably agrees that any such matter may be adjudged or determined in any court or courts in the state of the Owner or holder of Owner's interest principal place of business, or in any court or courts in Customer's state of residence, or in any other court having jurisdiction over the Customer or assets of the Customer, all at the sole election of the Owner or holder of Owner's interest. The Customer hereby irrevocably submits generally and unconditionally to the jurisdiction of any such court so elected in relation to such matters. You waive trial by jury in any action between us.

See id. at * 2.  Here, the Agreement states, in relevant part:

> Law and Jurisdiction: This Agreement will be deemed fully executed and performed in Minnesota or the home state of our assignee as it may be assigned from time to time per Paragraph 10.  This Agreement shall be governed by and construed in accordance with the laws of Minnesota or the laws of the home state of the Assignee.  You expressly and unconditionally consent to the jurisdiction and venue of any court in the State of Minnesota or assignee's home state and waive right to trial by jury for any claim or action arising out of or relating to this Agreement or the Equipment. Furthermore, you waive the defense of inconvenient forum.

(Docket 1, Ex. A, p. 12.)

In analyzing PowerNet's motion, the court analyzed these above-mentioned §1404(a) factors .  See id. at *3-4.  As a result of its analysis, the Court transferred venue,

8

despite the plaintiff's argument that a forum-selection clause in the lease required the case to be litigated in Minnesota.  See id.  The PowerNet court considered the ties of both parties to the forum state, where the contract was negotiated, executed and performed, and the residences of the witnesses.  Id. at *3.  The court also considered the likelihood that all issues arising from the same core of events could be resolved in one judicial forum, the relative ability of the parties to bear the expense of litigating in a distant forum, and the presence of a valid forum-selection clause.  Id.  After weighing these issues, the Court rejected Lyon's arguments and ruled in favor of transfer, despite the presence of a forum-selection clause agreement at issue.  Id. at *4.  Here, as in PowerNet, all parties but Lyon are located elsewhere and the actions giving rise to Dutt's cross-claims did not take place in Minnesota.  Additionally, as in PowerNet, the agreement giving Lyon the ability to sue in Minnesota did not mandate that the suit must be filed in Minnesota.

If this case remains venued in Minnesota, all parties will incur significant travel costs as well as disruption to their respective businesses.  These disruptions would be lessened by the shorter travel times to Pennsylvania.  Also, the parties could achieve efficiencies by having litigation counsel in Pennsylvania, where significant deposition and document discovery will likely occur.  Therefore, the financial and logistical burdens of litigation and travel substantially favor venue in Pennsylvania.

Moreover, the interests of justice and judicial economy weigh in favor of transfer.  Minnesota likely does not have jurisdiction over Pujari.  Pujari is a Kentucky resident, has not appeared in this action and likely does not have the minimum contacts with

9

Minnesota necessary to confer personal jurisdiction. Notably, Dutt has not alleged that Pujari is subject to personal jurisdiction in Minnesota. Pujari, of course, is subject to personal jurisdiction in Pennsylvania given that he traveled there on the day Dutt executed the Agreement to obtain her signature on some loan papers. (Docket No. 9 ¶ 7.)

Moreover, none of the potential witnesses in this action are Minnesota residents and none of the evidence supporting Dutt's third-party claims is in Minnesota. Thus it is inefficient and uneconomical to venue this matter in Minnesota.

### C. The Forum-Selection Clause in the Guarantees Does Not Preclude Transfer Under 28 U.S.C. § 1404(a).

A forum selection clause alone is not dispositive in a transfer of venue analysis. The Supreme Court has stated that a forum-selection clause "should receive neither dispositive consideration … nor no consideration … but rather the consideration for which Congress provided in [section] 1404(a)." Stewart Org., Inc., 487 U.S. at 31; Nelson, 759 F.Supp. at 1399 n.13 ("The majority [opinion in Stewart Org., Inc.]. . . clearly endorses the view that forum selection clauses are merely one factor to be evaluated when a district court hears a section 1404(a) motion."). In fact, private parties *cannot waive* transfer pursuant to section 1404(a) by private agreement, since public interests must also be considered:

> The other component of the analysis – the interest of justice – is not properly within the power of private individuals to control. The existence of a forum selection clause cannot preclude the district court's inquiry into the public policy ramifications of transfer decisions.

Nelson, 759 F.Supp. at 1400 (citing Red Bull Assocs. v. Best Western Int'l, Inc., 862 F.2d 963, 967 (2d Cir. 1988)).

Forum-selection clauses are generally classified as permissive or mandatory. Mandatory clauses require that a case be filed in a certain jurisdiction and usually contain phrases such as "shall be brought" or "will be brought." Permissive clauses simply acknowledge that a particular court may have jurisdiction or may be a proper venue.[2]

Although a mandatory forum selection clause may often tip the balance in favor of the selected forum, permissive forum-selection clauses are accorded much less weight in a section 1404(a) analysis. See Florida State Bd. of Admin. v. Law Eng'g & Envtl. Servs., Inc., 262 F.Supp.2d 1004 (D. Minn. 2003) (venue proper in Minnesota despite permissive forum-selection clause specifying Florida); Kirckof, 2002 WL 31718394 (refusing to enforce permissive forum-selection clause specifying Massachusetts in denying motion to dismiss for improper venue in Minnesota); PowerNet., 2001 WL 1640099 (granting defendants' motion to transfer venue to Nevada or dismiss, despite presence of permissive forum-selection clause specifying Minnesota); Nelson, 759

---

[2] In Kirckof v. Brown, No. Civ. 01-476, 2002 WL 31718394, at *2 (D. Minn. Nov. 27, 2002) (Gillette Aff. Ex. 2.) the Court cited examples of mandatory and permissive forum-selection clauses. As an example of a mandatory forum-selection clause the Court cited the following: "Any legal action by either party under this agreement will be brought in Minnesota." (quoting United Mortgage Corp., 853 F.Supp. 311, 315 (D. Minn. 1994)). As an example of a permissive forum-selection clause the court the cited the following: "The Courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter of interpretation of this contract." Kirckof, 2002 WL 31718394, at *2 (quoting Hunt Wesson Foods v. Supreme Oil Co., 817 F.2d 75, 77 (9th Cir. 1987)).

11

F.Supp. 1397 (denying motion to transfer venue out of Minnesota despite permissive forum-selection clause specifying Pennsylvania).

Courts that have addressed the issue have concluded that this forum-selection language is permissive. Dunne v. Libbra, 330 F.3d 1062 (8th Cir. 2003) (finding the phrase "the parties consent to jurisdiction" was permissive, not mandatory); accord Shoppes Ltd. Partnership v. Conn, 829 So.2d 356 (Fla. Ct. App. 2002); Blanco v. Banco Indus. De Venezuela, S.A., 997 F.2d 974, 985 (2d Cir. 1993) (consent to jurisdiction indicates a permissive forum-selection clause). Just as in those cases, the Agreement does not contain mandatory language that *requires* the case be filed or litigated in Minnesota.

Because the forum-selection language is permissive, the usual section 1404(a) factors must be considered. When they are considered, it is apparent that this case should be transferred to Pennsylvania.

## CONCLUSION

The facts giving rise to Dutt's claims took place in Pennsylvania. None of the witnesses necessary to prosecute or defend these claims are located in Minnesota. The forum selection clause that Lyon uses to sue Dutt in Minnesota does not create exclusive jurisdiction for this matter and does not mandate venue in Minnesota. For the foregoing reasons, Banner respectfully requests that the Court grant its motion to dismiss or, in the alternative, order that this action be transferred to the Western District of Pennsylvania.

Dated: October  20 , 2008      FRUTH, JAMISON & ELSASS, PLLC


By:    s/ Douglas L. Elsass
       Douglas L. Elsass (# 219241)
       Adam A. Gillette (#0328352)
3902 IDS Center
80 South Eighth Street
Minneapolis, Minnesota 55402
Telephone:    (612) 344-9700
Facsimile:     (612) 344-9705
delsass@fruthlaw.com
agillette@fruthlaw.com

*ATTORNEYS FOR THIRD-PARTY DEFENDANT BANNER PHYSICIANS CAPITAL, INC.*